## Quaack et al. v. Kentucky Title Trust Co.

(Decided May 11, 1937.)

H. O. WILLIAMS for appellants.

OSCAR O. BADER and SELLIGMAN, GOLDSMITH, EVERHART & GREENEBAUM for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

L. F. Quaack and wife are appealing from a judgment recovered against them by the Kentucky Title Trust Company for the sum of $6,912.72 as the balance due on a mortgage note with interest and also some smaller sums with interest paid by the Kentucky Title

Trust Company for taxes and insurance premiums on the mortgaged property; and for the enforcement of the mortgage lien and sale of the property to satisfy same.

The action was instituted on May 23, 1935, when the plaintiff in its petition set up the execution of the note and mortgage which were filed with the petition, the sums paid thereon by appellants, the amounts it had paid in way of taxes and insurance on the property, and which it was entitled to recover under the terms of the mortgage.

In paragraph 1 of the answer and counterclaim appellants denied the execution of the note as set out in the petition, but in a second paragraph admitted the execution of the instrument sued upon but alleged that they only received from appellee the sum of $1,500 and the balance of the note was made up of usury, illegal fees, and charges without any consideration; that beginning February 18, 1933, they paid weekly installments of $17.60 up to and including the week of March 26, 1935, or a total of $1,865.60 and that appellee had collected rents and revenue from certain property belonging to them in the sum of $240; that interest accruing on the $1,500 before it was paid amounted to $90.90, making the total sum due on the mortgage $1,590.90, which deducted from the amount they had paid would leave a difference of $514.70 which they had overpaid. They prayed that the petition be dismissed and that they recover the sum of $514.70.

To comply with an order of the court to make their answer and counterclaim more specific, appellants filed an amended answer and counterclaim, but the allegations thereof were practically the same as those in the original answer. By reply the affirmative allegations of the answer as amended were controverted.

To sustain the allegations of its petition, appellee took the deposition of one of its officers or employees on interrogatories, but the court had sustained exceptions to certain cross-interrogatories filed by appellants on the ground that they related to transactions foreign to the pleadings and the witness was not required to answer the interrogatories to which exceptions were sustained.

On January 17, 1936, appellants filed a second

amended answer and counterclaim and moved the court to set aside its former order sustaining exceptions to certain cross-interrogatories which they propounded to appellee's witness and to require the witness to answer all such cross-interrogatories, but these motions were overruled. In the second amended answer and counterclaim, it was alleged in substance that the mortgage note sued on was a refinancing of former notes set out in the pleadings and that all of the notes constituted one continuous transaction and refinancing of an original note executed in December, 1928, and that the note sued on and all the notes referred to, including principal and legal interest, had been fully paid and satisfied and in fact had been overpaid in the sum of $514.70, which overpayment was usurious and illegal and was paid by appellants to appellee without consideration.

On March 13, 1936, appellants filed in the clerk's office of the court the deposition of L. F. Quaack taken on interrogatories and on March 14, 1936, they tendered and moved the court to file a third amended answer and counterclaim. This answer set out in detail and with more particularity their alleged transaction with appellee and was intended to conform to the proof taken by them.

On March 25, 1936, the cause was submitted upon motion of appellee to submit in chief for judgment on its petition; and also upon motion of appellants to file the amended pleading tendered March 14, 1936, and the deposition taken upon interrogatories and tendered March 13, 1936, to the filing of which appellee objected. The court overruled motion of appellants to file the "second amended answer and counter-claim tendered on March 14, 1936," struck from the record the deposition for appellants filed on March 13, 1936, and entered the judgment appealed from. The reason assigned in the order for the court's action being that appellants filed answer and counterclaim on October 25, 1935, which was promptly controverted by reply, and the issues had thus been made up more than thirty days; that appellee had taken its deposition as above indicated, but appellants had failed to take any deposition until March 18, 1936, and more than 30 days after the issues were completed.

It is argued by counsel for appellants that in the state of the pleadings and record the chancellor erred

in refusing to permit the third amended answer and counterclaim to be filed and in striking from the record their depositions and entering judgment for appellee. It is stated in brief by counsel for appellee that the issues made by pleadings and the procedure in this case were in all material aspects the same as those in the cases of J. V. Cox v. Kentucky Title Trust Company, 268 Ky. 852, 104 S. W. (2d) 1117, and Arthur Brown et al. v. Kentucky Title Trust Company, 268 Ky. 851, 104 S. W. (2d) 1117, in which motion for appeals have been denied and the judgment affirmed. But we find that this case differs materially from the others. In the Brown and Cox Cases the court in permitting the second amended answer and counterclaim to be filed included in the order the provision that they be treated as controverted of record and in each of those cases the defendant was given thirty days in which to take evidence. In this case, however, the order filing the second amended answer and counterclaim did not provide that such pleadings stand controverted of record and there was no subsequent order to that effect nor any reply to the pleading. The case had been before three different judges in different branches of the chancery division of the court and it is apparent that the chancellor who made final disposition of the case was not familiar with the steps that had been taken and his attention had not been called to the second amended answer and counterclaim filed on January 17, 1936, and that the allegations thereof had in no way been controverted, since in the order overruling the motion to file the pleadings tendered on March 14, 1936, he referred to it as the second amended answer and counterclaim and made no reference whatever to the pleading filed January 17, 1936. It is true that when reply was made to the answer and counterclaim, as first amended, issues were made up, but the situation was entirely changed when appellants were permitted to file the second amended answer and counterclaim setting up a complete defense which stood undenied. This situation not having been called to the attention of the chancellor, it is easy to understand how he was misled in believing that the record presented essentially the same state of facts as did the record in the Brown and Cox Cases.

In the state of the record as above indicated, it is manifest that appellee was not entitled to judgment.

However, on a return of the case to the lower court either or both parties should in view of the circumstances be permitted to further plead and to take such further proper steps as they may desire.

Wherefore the judgment is reversed for proceedings in conformity with this opinion.